IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONOVAN SIMMS, §
TDCJ-CID NO. 1375638, §
§
　　　　　Petitioner, §
§
v. §
§   CIVIL ACTION NO. H-07-2712
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
　　　　　Respondent. §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Respondent Nathaniel Quarterman's Motion For Summary Judgment with Brief in Support (Docket Entry No. 13), to which the petitioner, Donovan Simms, has not responded. For the reasons state below, the motion will be granted.

**I.　Factual and Procedural Background**

On June 7, 2006, petitioner pleaded guilty to aggravated robbery with a deadly weapon and was sentenced to fifteen years' imprisonment.[1]  Prior to pleading guilty petitioner acknowledged that he was mentally competent, understood the charges against him, and wanted to waive his right to a trial.  He admitted that he was pleading guilty freely, knowingly, and voluntarily.  He represented

---

[1] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 2.

to the trial court that he understood the consequence of his decision to plead guilty. He also acknowledged that he was "totally satisfied" with his counsel's representation and that he had received "effective and competent representation" in connection with his plea.[2]

Petitioner did not appeal the state trial court's acceptance of his guilty plea, but instead filed an application for a writ of habeas corpus in state court.[3] In his state application petitioner raised five grounds for relief, which included that he had entered his plea involuntarily, that his counsel was ineffective, and that either the indictment was defective or his sentence illegal since he had been indicted for aggravated robbery with a deadly weapon but sentenced for aggravated assault with a deadly weapon.[4] The state habeas court issued its Findings of Fact and Conclusions of Law and Order recommending that petitioner's application be denied.[5] The Texas Court of Criminal Appeals followed this recommendation and denied petitioner's application without written order on October 10, 2007.[6]

---

[2] Ex parte Simms, WR-68,174-01, Docket Entry No. 12, Statements and Waivers of Defendant, pp. 42-43.

[3] See id., Application for a Writ of Habeas Corpus, p. 3.

[4] Id. at 7-8.

[5] Id., Respondent's Proposed Findings of Fact and Order, pp. 32-34.

[6] Id. at cover.

-2-

After the state habeas court issued its recommendation, petitioner filed his Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) in this court. In that petition petitioner raised four grounds for relief, all of which had been included in his state habeas application.[7] After the court ordered respondent to file a response,[8] respondent filed his motion for summary judgment. Petitioner filed no response to this motion despite the court's order.[9]

## II.  Standards of Review

Respondent contends that he is entitled to a judgment because, based on the state court records, petitioner has failed to meet his burden under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because petitioner filed his habeas petition after April 24, 1996, the AEDPA applies. Lindh v. Murphy, 117 S. Ct. 2059 (1997). Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and applies to habeas corpus cases, see Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), but only to the extent that the rule is consistent with the AEDPA, see

---

[7]Compare Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8 with Ex parte Simms, WR-68,174-01, Docket Entry No. 12, Application for a Writ of Habeas Corpus, pp. 7-8.

[8]Order to answer, Docket Entry No. 5.

[9]See id. ¶ 6 ("If at any time respondent files a motion for summary judgment . . . , the petitioner is ORDERED to file a response to that motion filed by the respondent, within thirty (30) days.").

Rule 11 of Rules Governing § 2254 Cases.  Under Rule 56 summary judgment is appropriate only if the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In habeas cases, however, the court cannot construe all facts in the light most favorable to the nonmoving party.  See Woods v. Cockrell, 307 F.3d 353, 356-57 (5th Cir. 2002).  The AEDPA requires the court to presume as true all facts found by the state court absent clear and convincing evidence.  Id. (citations omitted); 28 U.S.C. § 2254(e)(1).

Petitioner has the burden of establishing that he is entitled to relief.  Orman v. Cain, 228 F.3d 616, 619 (5th Cir. 2000).  To meet his burden under the AEDPA, petitioner must establish that the state court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  To determine whether petitioner has made this showing, the court must examine petitioner's underlying claims.  See Del Toro v. Quarterman, 498 F.3d 486, 490-91 (5th Cir. 2007) (affirming denial of a petitioner's habeas petition because petitioner could not establish his claim on the merits); Neal v. Puckett, 286 F.3d 230 (5th Cir. 2002) (evaluating the merits of petitioner's claim before concluding that although incorrect, the state court's decision was not an unreasonable application of federal law).

### III.  Analysis

In his federal petition petitioner raised four grounds for relief; however, two of those grounds are moot.[10] The remaining two grounds for relief are really two parts of the same claim: petitioner alleges that his plea was involuntary because his counsel was ineffective.[11]

"As a general rule . . . a convicted defendant may not collaterally attack a voluntary and intelligent guilty plea." Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991).  However, a plea that resulted from the ineffective assistance of counsel may be subject to collateral attack.  See Ward v. Dretke, 420 F.3d 479, 487 (5th Cir. 2005); Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994).  Accordingly, whether petitioner's plea was involuntary rests entirely on whether petitioner's counsel rendered ineffective assistance with respect to petitioner's guilty plea.

To establish that his counsel was ineffective petitioner must demonstrate that his counsel's performance was (1) deficient and

---

[10] In grounds three and four petitioner alleged that either the indictment was defective or his sentence was "illegal" since he was indicted for aggravated robbery with a deadly weapon but was sentenced for aggravated assault with a deadly weapon.  See Ex parte Simms, WR-68,174-01, Docket Entry No. 12, Judgment on Plea of Guilty, p. 48.  However, this error in the Judgment was corrected and superseded by the Judgment Nunc Pro Tunc, as noted in id. at 50-51.  Thus, petitioner's claims are moot.  See Louisiana Environmental Action Network v. E.P.A., 382 F.3d 575, 581 (5th Cir. 2004) ("If a dispute has been resolved, or if it has evanesced because of changed circumstances, it is considered moot.").

[11] See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

(2) prejudicial. Armstead, 37 F.3d at 206. Within the context of a guilty plea, "if a [petitioner] is represented by counsel and pleads guilty upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (internal quotations omitted). To prove prejudice within the context of a guilty plea petitioner must establish "a reasonable probability that absent counsel's errors [he] would not have entered a guilty plea and would have insisted on a trial." United States v. Payne, 99 F.3d 1273, 1282 (5th Cir. 1996). A claim for ineffective assistance of counsel can be disposed of "for either reasonable performance of counsel or lack of prejudice, without addressing the other." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

Petitioner contends that his counsel's performance was deficient because he wanted to plead not guilty, but his counsel failed to consult with him before he entered his plea. Petitioner also alleges that his counsel was deficient because counsel told him that if he did not plead guilty and accept a fifteen-year sentence he would be sentenced to fifty years.[12] Having reviewed the record, however, the court finds nothing deficient about counsel's performance.

---

[12]Petitioner also alleged that counsel was deficient because she told petitioner that he could not enter a plea of no contest. Even if true this allegation, without more, would not provide petitioner with a basis for habeas relief since "[u]nder Texas law, a plea of [no contest] has the same effect as a guilty plea . . . ." Duke v. Cockrell, 292 F.3d 414, 416 (5th Cir. 2002); see also Tex. Code. Crim. P. art. 27.02(5).

Petitioner's counsel submitted an affidavit as part of petitioner's state habeas application.[13]  In that affidavit petitioner's counsel stated that she consulted with petitioner on "several occasions."  Counsel stated unequivocally in her affidavit that she never advised petitioner that he would be sentenced to fifty years if he did not agree to plead guilty; she did, however, advise him concerning the range of penalties petitioner faced if he pleaded guilty or went to trial.  She also stated that she felt that she had sufficiently consulted with petitioner such that she believed that petitioner's plea was entered knowingly and voluntarily.[14]  The state habeas court found these facts true and credible.[15]  Moreover, these findings are supported by petitioner's sworn representations to the state trial court that he was "totally satisfied" with the manner in which his counsel had represented him, and that he found counsel's representation to be both effective and competent.[16]

Although petitioner has asserted that his mother and an "Allen Webb" can establish his version of the facts, he has produced no affidavits substantiating such assertions.  Indeed, petitioner has

---

[13]Ex parte Simms, WR-68,174-01, Docket Entry No. 12, Affidavit of Ruth Yvonne Burton, p. 26.

[14]Id. ¶¶ 2, 9-10.

[15]Id., Respondent's Proposed Findings of Fact and Order, p. 32.

[16]Id., Statements and Waivers of Defendant, pp. 42-43.

submitted no evidence, let alone clear and convincing evidence, that would override the strong presumption of correctness that attaches to the state habeas court's factual findings, see 28 U.S.C. § 2254(e)(1); and to petitioner's sworn representations to the state trial court, see Blackledge v. Allison, 97 S.Ct. 1621, 1629 (1977). Accordingly, the court finds no basis for petitioner's (conclusory) allegations that his counsel's performance was deficient.[17]

---

[17] The court notes that petitioner has also asserted a claim of ineffective assistance of counsel based on counsel's alleged failure to investigate the facts and evidence underlying petitioner's case, and to file pretrial motions. See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7. However, "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant," which includes those ineffective-assistance-of-counsel claims that have no direct relation to whether the petitioner's plea was voluntary. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). Consequently, all claims of ineffective assistance of counsel raised in the petition, but unrelated to the voluntariness of petitioner's guilty plea, will be denied because such claims are barred from federal habeas review. Id.

To the extent that petitioner's allegations concerning counsel's failure to investigate are related to the voluntariness of his plea, those claims will be denied. Counsel stated in her affidavit that she had investigated the case and had developed a trial strategy. Ex parte Simms, WR-68,174-01, Docket Entry No. 12, Burton Aff., pp. 27-28. And as for counsel's failure to file pretrial motions, counsel stated that she examined the facts of the case and petitioner's description of those facts, and concluded that in her professional judgment petitioner's case did not require the filing of any pretrial motions. Id. at 28. The state habeas court accepted these findings as true and on that basis concluded that counsel's performance was not deficient, see id., Respondent's Proposed Findings of Fact and Order, pp. 32-33, and this court agrees.

This conclusion is fatal to petitioner's habeas petition: since there is no factual basis for petitioner's ineffective-assistance-of-counsel claim there is no basis for petitioner's claim that his plea was involuntary.  Therefore, there is no basis for finding that the state habeas court's conclusion -- that petitioner's plea was knowing and voluntary, and his counsel effective[18] -- was contrary to, or an unreasonable application of, clearly established federal law.

### IV.  Conclusion and Order

Based on the foregoing, Respondent's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**, and petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of March, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[18] Id., Respondent's Proposed Findings of Fact and Order, p. 33.